UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HUGO ERNESTO CHAVES, )
)
    Plaintiff, )
)
v. ) No.: 3:12-CV-589
) (VARLAN/GUYTON)
COMMUNICATIONS WORKERS )
OF AMERICA, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on CWA's Motion to Dismiss [Doc. 12]. Defendant Communications Workers of America ("CWA") moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of diversity jurisdiction.[1]  Plaintiff, proceeding *pro se*, filed a response [Doc. 16]. After careful consideration of the parties' positions and the relevant law, the Court will grant in part and deny in part the motion.

---

[1] While defendant's motion seeks to dismiss this action for lack of diversity jurisdiction, defendant's memorandum of law in support of the motion makes no argument in this respect. The Court thus declines to address this aspect of the motion. The Court nevertheless notes that the complaint identifies plaintiff as a citizen of Tennessee and alleges that defendant's "place of business and head quarters [sic] are in Georgia" [Doc. 2]. The complaint also seeks damages in excess of $75,000 [*See id.*].

## I. Background[2]

Plaintiff commenced this action on November 9, 2012, asserting a claim under the Fifth Amendment to the United States Constitution and a claim for libel [Doc. 2]. Plaintiff alleges that on November 10, 2011, Scott Pitman, representing defendant, "signed a false statement, knowing those statements were false, in front of ATT [sic] representatives" [*Id.*]. Plaintiff further alleges that "ATT [sic] . . . conducted and [sic] investigation and I asked for a lawyer and Mr. Pitman say [sic] he is my lawyer and they do not let [me] defend my self in the way that the fifth amended [sic] says" [*Id.*]. As a result, he claims he was "fired and . . . lost [his] reputation, money, . . . credit, . . . health, etc." [*Id.*].

## II. Standards of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

---

[2] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

2

Case 3:12-cv-00589   Document 25   Filed 05/16/13   Page 2 of 6   PageID #: 71

labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

3

For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a *pro se* complaint containing "vague and conclusory allegations unsupported by material facts").

**III. Analysis**

**A. Fifth Amendment Claim**

Plaintiff alleges that he was "held to answer for an infamous crime" and was denied representation by an attorney during the investigation into the conduct leading to his termination, in violation of the Fifth Amendment to the United States Constitution [Doc. 2]. To state a Fifth Amendment claim, however, plaintiff must allege government involvement in his termination; he, however, does not do so. Accordingly, his claim must be dismissed. *See Colorado v. Connelly*, 479 U.S. 157, 170 (1986) ("The sole concern of the Fifth Amendment . . . is governmental coercion."); *D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 161 (2d Cir. 2002) (stating that a plaintiff "must demonstrate 'that in denying the plaintiff's constitutional rights, the defendant's conduct constituted state action'" to establish a Fifth Amendment violation because the amendment "restricts only governmental conduct" (citations omitted)).

**B. Libel Claim**

Defendant argues that plaintiff's libel claim is time barred because plaintiff filed this lawsuit on November 29, 2012, more than one year after the alleged publication of

4

the defamatory statement on November 10, 2011 [Doc. 13]. The Court declines to dismiss the libel claim on this ground, however, because the lawsuit was filed on November 9, 2012, not November 29, 2012, and therefore within the applicable one-year statute of limitations period. *See* Tenn. Code Ann. § 28-3-104(a)(1) (setting forth one-year statute of limitations for libel).[3]

The Court, consequently, must determine whether the complaint fails to state a claim for libel.[4] Libel is a form of defamation; it involves written defamation, whereas slander involves spoken defamation. *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994). To establish a *prima facie* case of defamation in Tennessee, a plaintiff must show that (1) the defendant published a statement, (2) with knowledge that the statement is false and defaming to plaintiff, or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

The only argument raised by defendant in support of its motion is that plaintiff fails to sufficiently allege the first element: publication. Publication refers to the "communication of defamatory matter to a third person." *Quality Auto Parts*, 876 S.W.2d at 821.

---

[3] To the extent plaintiff asserts a claim for slander, this claim would be barred by the applicable six-month statute of limitations. Tenn. Code Ann. § 28-3-103.

[4] While plaintiff asserts that his complaint is based upon Tenn. Code Ann. § 40-13-214, this statute refers to indictments for liable and is inapplicable in this matter.

Plaintiff alleges that Mr. Pitman, a representative of CWA, "signed a false statement, knowing it to be false, in front of some ATT representatives" and "gave . . . this document to AT&T or BellSouth" [Doc. 2]. Plaintiff thus alleges that a representative of defendant communicated a false statement to a third person, AT&T or BellSouth. In light of the standards of review discussed above, the Court finds plaintiff's allegations sufficient to withstand a motion to dismiss for failure to state a claim.

## IV. Conclusion

For the reasons explained herein, the Court hereby **GRANTS IN PART AND DENIES IN PART** CWA's Motion to Dismiss [Doc. 12]. Plaintiff's Fifth Amendment Claim is hereby **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE