UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HUGO ERNESTO CHAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-589-TAV-HBG |
| | ) | |
| COMMUNICATIONS WORKERS | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion for Summary Judgment [Doc. 31]. Plaintiff filed a response [Doc. 35] and defendant replied [Docs. 37, 38]. Upon consideration of the record and the relevant law, the Court will grant defendant's motion and dismiss this action.

**I. Background and Facts**

Plaintiff, proceeding pro se, commenced this action on November 9, 2012, asserting a claim under the Fifth Amendment to the United States Constitution and a claim for libel [Doc. 2]. The Court dismissed plaintiff's Fifth Amendment claim on defendant's motion [Doc. 25].

Plaintiff, at all times relevant to this litigation, was employed by BellSouth Telecommunications, Inc. ("BellSouth") as a Facility Technician in Knoxville, Tennessee [Doc. 32 ¶ 1]. BellSouth and the Communications Workers ("CWA") are parties to a

collective bargaining agreement, which establishes the terms and conditions of employment for BellSouth employees [*Id.* ¶ 2].

On November 10, 2011, plaintiff was interviewed by Jim Spearman ("Spearman") of BellSouth security and Robert Eacott ("Eacott"), BellSouth Area Manager, regarding an allegation that he had threatened a co-worker [*Id.* ¶¶ 7, 8]. Local 3805 Steward Scott Pittman ("Pittman") also attended the meeting [*Id.* ¶ 8]. Following the meeting, Spearman prepared a written statement for plaintiff to sign [*Id.* ¶ 9]. Plaintiff, however, refused to sign the statement and wrote on the statement, "I never threatened anyone" [*Id.* ¶ 10]. The statement was signed by Spearman and Eacott, but Pittman did not sign the statement [*Id.* ¶¶ 11, 12]. CWA obtained the statement from BellSouth in the course of processing a grievance over plaintiff's discharge in November 2011 for misconduct [*Id.* ¶¶ 14, 15]. Pittman did not give the statement to anyone [*Id.* ¶ 13].

## II.     Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III.  Analysis

Defendant asserts two arguments in its motion for summary judgment.  The first is that there is no genuine issue of material fact that defendant did not publish the statement in question.  Because the Court finds this argument persuasive, it does not address defendant's second argument; that is, that plaintiff's libel claim is preempted by federal law.

Libel is a form of defamation; it involves written defamation, whereas slander involves spoken defamation.  *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994).  To establish a prima facie case of defamation in Tennessee, a plaintiff must show that (1) the defendant published a statement, (2) with knowledge that the statement is false and defaming to plaintiff, or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement.  *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

Publication refers to the "communication of defamatory matter to a third person." *Quality Auto Parts*, 876 S.W.2d at 821.  Here, there is no genuine issue of material fact that defendant did not communicate the statement in question to a third person.  Pittman did not share the statement with anyone [*See* Doc. 33].  CWA obtained the statement from BellSouth during the course of processing the grievance over plaintiff's discharge. *See Siegfried v. The Grand Krewe of Sphinx*, No. W2002-02246-COA-R3-CV, 2003 WL 22888908, at *2 (Tenn. Ct. App. Dec. 2, 2003) ("[C]ommunication between officers and agents of a corporation . . . is not publication . . . .").

4

Plaintiff asserts that defendant's motion for summary judgment was untimely under the scheduling order [Doc. 35]. Yet, plaintiff is mistaken. The Court's scheduling order provides that all dispositive motions must be filed at least 120 days prior to trial [Doc. 18]. Trial is set for April 14, 2014, and Sunday, December 15, 2013, is 120 days prior to the trial date. Defendant filed its motion on Monday, December 16, 2013, which is 119 days prior to trial. Filing on this date was nonetheless appropriate under Rule 6 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(a)(1)(C) (instructing, when computing time, to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

**IV. Conclusion**

For the reasons provided, the Court will **GRANT** defendant's Motion for Summary Judgment [Doc. 31]. This action will be **DISMISSED**. The Clerk will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE